JAMES B. A. LOGAN, SR., et al., Plaintiffs, and JAMES B. A. LOGAN, JR., et al., Respondents, v. FRANCES B. ESTERLY, as Executrix of ANDREW ESTERLY, Deceased, et al., Appellants, and CITY OF NEW YORK, Appellant-Respondent.— In a negligence action to recover damages for personal injuries, etc., the appeals are from a judgment of the Supreme Court, Richmond County, entered April 19, 1972, (1) in favor of plaintiffs James B. A. Logan, Jr., and Celeste Logan, nee De Angelo, against defendants, upon successive jury verdicts, after separate trials of the issues of liability and damages, and (2) in favor of defendant City of New York, upon its cross complaint, against defendants Gull Contracting Co., Inc., and Mac Asphalt Construction Corp., upon a decision of the trial court. (Upon a prior appeal, an interlocutory judgment which had been entered after the trial on the issue of liability was affirmed insofar as appealed from [Logan v. Easterly, 37 A D 2d 725].) Judgment reversed, on the law, and new trial granted as between plaintiffs James B. A. Logan, Jr., and Celeste Logan, nee De Angelo, and defendants and upon the cross complaint of defendant City of New York against defendants Gull Contracting Co., Inc., and Mac Asphalt Construction Corp., solely on the issue of damages, unless, within 30 days after entry of the order to be made hereon, said plaintiffs shall serve, and file in the office of the clerk of the trial court, a written stipulation consenting (1) to reduce their respective verdicts as follows: that of James B. A. Logan, Jr., from $225,000 to $150,000 and that of Celeste Logan, nee De Angelo, from $115,000 to $65,000; and (2) to the entry of an amended judgment accordingly, in which event the judgment insofar as it is in favor of said two plaintiffs, and as so reduced and amended, is affirmed, and the judgment insofar

as it is in favor of defendant City of New York against defendants Gull Contracting Co., Inc., and Mac Asphalt Construction Corp. is accordingly reduced and affirmed as so reduced, all without costs. The appeals did not present questions of fact. In our opinion, the verdict was excessive to the extent indicated herein. We have also considered the other point raised on appeal by the Esterly defendants and find it without merit (*Trimboli* v. *Scarpaci Funeral Home*, 37 A D 2d 386, affd. 30 N Y 2d 687). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.